UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN ROMAN,<br><br>        Petitioner,<br><br>   v.<br><br>B.M. TRATE,<br><br>        Respondent. | No. 1:23-cv-01411-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS [DOC. 11]**<br><br>**[21-DAY OBJECTION DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on September 27, 2023. Petitioner takes issue with a disciplinary proceeding in which he was found guilty of attempted introduction of drugs/alcohol. On December 12, 2023, Respondent filed a motion to dismiss the petition. (Doc. 11.) Petitioner did not file an opposition. The Court will recommend the motion be GRANTED.

**DISCUSSION**

A.    Rules Violation Report[1]

On October 4, 2022, during a screening of inmate Deandre Harris, a letter containing

---

[1] The factual background is derived from the Rules Violation Report issued on November 4, 2022. (Doc. 11-1 at 15.)

1

instructions on introducing drugs into USP Atwater was discovered in his personal property bag. The letter contained a phone number at the beginning of the instructions.  A search conducted by prison authorities revealed that the phone number was solely contacted by Petitioner.  The letter specifically instructs a person by the alias of "L" to fill out visiting forms and send it back to USP Atwater in a manilla envelope.  Petitioner instructs L to soak the manilla envelope in some type of synthetic narcotics before sending it to the institution and to send it certified so it can be tracked.  Petitioner informs L that by doing it this way is the only way to bypass the mailroom screening process, so the envelope soaked with narcotics would not be detected.

A review of Petitioner's recorded phone calls was conducted. During a phone call on September 10, 2022, at 8:05 p.m., to phone number (323) 395-8925, Petitioner makes several references to contacting a person by the alias L to the male recipient during the conversation. Additionally, Petitioner instructs the male recipient on the phone call to make sure to send the visiting forms into the institution priority so it can be tracked. This statement during the phone call was consistent with the instructions in the outgoing letter Harris had possessed.  During another phone call made by Petitioner on September 12, 2022, at 7:55 p.m., to phone number (323) 395-8925, Petitioner makes more references to L and having the visiting forms sent into the institution in a specific way.

A review of Petitioner's electronic mail (email) communications reveals that on September 12, 2022, at 3:51 p.m., an incoming email to Petitioner from email address hopsing646+leafbegrr686@gmall.com stated, "D money, Real quick my boy DO NOT RESPOND TO THAT DUDE. DONT KNOW WHY HE IS TRYING TO REACH OUT. Just so you know about that one okay. Those weren't my words. Much love my boy ... L."  This email indicated Petitioner was in contact with the outside person L whom Petitioner makes references to in the outgoing letter that contained the instructions to introduce narcotics.

On November 4, 2022, Petitioner was charged with attempted introduction of drugs/alcohol in violation of Prohibited Act 111A, and attempted criminal mail abuse in violation of Prohibited Act 196A. (Doc. 11-1 at 13.)  On December 7, 2022, a disciplinary hearing was conducted. Petitioner waived his right to a staff representative, opted not to call witnesses, and

2

offered no documentary evidence. (Doc. 11-1 at 14.) The hearing officer ("DHO") found Petitioner guilty of committing the prohibited acts. (Doc. 11-1 at 15.) The DHO relied on the investigating officer's report, an SIS investigative report, a copy of the drug introduction instructions, and TRU system documentation. (Doc. 11-1 at 15.) The DHO also relied on the statement made by Petitioner regarding the identity of "L." Petitioner stated, "I know who 'L' is." (Doc. 11-1 at 16.) Petitioner was sanctioned with, *inter alia*, 41 days loss of good conduct time credits. (Doc. 11-1 at 17.)

Petitioner administratively appealed. In his appeal to the BOP Regional Director, the violation of Code 196A (attempted mail abuse) was expunged. As to the attempted drug introduction violation, Petitioner's administrative appeals were fully exhausted.

B.    Due Process Rights in Prison Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

Petitioner does not claim that his due process protections were violated, and a review of the exhibits reveals that all due process requirements were met. He does not claim that he was

not provided with more than 24 hours' notice of the hearing; he does not claim that witnesses or documentary evidence were denied; and he does not claim that he was not provided with a written copy of the disciplinary hearing determination. According to the exhibits, it appears these procedural due process requirements were satisfied.

Finally, Petitioner does not dispute that there was at least "some evidence" to support the decision. See Hill, 472 U.S. at 455 ("the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.") A review of the Rules Violation Report reveals there was abundant evidence to support the guilty finding. The DHO relied on Petitioner's recorded communications, including his instructions that a narcotics-soaked item was to be secreted into the BOP facility. The DHO also relied on his admitted association with "L," the reporting officer's review of recorded phone calls, the SIS investigation report, and the TRU System identity documentation. Petitioner only took issue with the statement in the incident report about "some type of synthetic narcotics," which Petitioner states could have been anything. The DHO considered the statement but found it not credible given the evidence. Based on the foregoing, at least some evidence supported the guilty finding. Hill, 472 U.S. at 455. Therefore, all of Petitioner's procedural and substantive due process rights were honored.

Petitioner contends his fundamental rights were violated because the charge was unconstitutionally vague. The claim was presented on administrative appeal and rejected. A regulation, such as code 111A, is not void for vagueness unless "it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes" or it otherwise invites arbitrary and discriminatory enforcement. United States v. Doremus, 888 F.2d 630, 634 (9th Cir. 1989). Petitioner claims the charge failed to provide adequate notice. Code 111A prohibits the "[i]ntroduction or making of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff." 28 C.F.R. § 541.3. The Notice of Discipline Hearing specifically informed Petitioner that he was being charged with "attempted introduction of narcotics" in violation of Code 111A. (Doc. 11-1 at 29.) The charge noted Petitioner's instructions that the forms be soaked in a narcotics substance and

1   surreptitiously mailed to avoid detection.  (Doc. 11-1 at 15.)

2   Petitioner was fully and fairly informed about the specific facts and circumstances giving rise to the disciplinary charge against him, and the evidence on which the charge was based. There was no vagueness as to Code 111A.  See Brown v. Entzel, 2019 WL 3646947, at *3 (N.D.W. Va. Aug. 6, 2019) (upholding violation of Code 111A when inmate attempted to introduce a male enhancement pill by letter despite the letter not specifically mentioning a narcotic drug); Morrison v. Terrell, 2009 WL 2003332, at *5 (D. Minn. July 6, 2009) (finding inmate was provided proper notice that mailing a letter directing a visitor to bring Viagra to him in the visiting room violated Code 111A since Code 111A prohibited the introduction of any . . . drugs . . . *not prescribed for the individual by the medical staff*) (emphasis in original).

For the foregoing reasons, the Court finds that Petitioner's due process rights were not violated.  Wolff, 418 U.S. at 564; Hill, 472 U.S. at 455.  Respondent's motion to dismiss the petition should be granted.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to objections shall be filed within ten (10) days of the date of filing of objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

/////

/////

U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 1, 2024**               /s/ *Sheila K. Oberto*               
                                   UNITED STATES MAGISTRATE JUDGE